MRS. B. F. CUMMINGS, Appellee, v. IOWA HOUSEHOLD CREDIT CORPORATION et al., Appellants.

No. 45039.

AUGUST 6, 1940.

Boardman & Cartwright, for appellants.

F. E. Northup, for appellee.

HAMILTON, J.—Thomas H. Meickley occupied office rooms in plaintiff's building. The other defendant, Iowa Household Credit Corporation, of which Meickley was president, apparently was housed in same rooms. There was no written lease. All dealings were with Meickley. A Mr. Vitek, now deceased, was plaintiff's bookkeeper and attended to the renting and collecting of the rent. All rent was paid by Meickley. On the 18th of December 1934, the rent, being greatly in arrears, was figured up by Mr. Vitek and a promissory note was executed for $618.93, signed by the Iowa Household Credit Corporation and endorsed by Meickley. This note was presented to plaintiff which she refused to accept, stating the note was signed by a corporation she had never heard of. There was then a conference with Meickley. Present at this interview were the plaintiff, Mr. Vitek, R. G. Northup, Attorney Hoover, and perhaps others. At this time, Meickley was told that plaintiff would not accept note in its then condition; that it was only signed by the Household Credit Corporation; that it wasn't a note from Meickley at all, but only of the corporation, which was out of business; that plaintiff wanted Meickley on the note so he too would be bound, and Meickley was told, at that time, that plaintiff would not accept the same unless he endorsed it. Meickley, in reply to this, said he wanted the Iowa Household Credit Corporation to be liable on the note too, and, if they couldn't pay it, he would pay it afterwards; that it was his debt. Plaintiff demanded that he endorse on the note: "I guarantee payment of it." Meickley said: "Well, my Uncle Frank always paid his notes and that is the way he endorsed them and I don't see why this isn't good enough endorsement for me to make." He admitted he owed the rent. He said he wanted the Iowa Household Credit Corporation, of which he was president, to pay what they could on it; that

he would inherit his money some day and would be good, and, if the corporation couldn't pay it, he would pay it.

A dispute arose as to whether he would be personally bound by a mere endorsement. Meickley insisted that this method was sufficient to bind him. Attorney Hoover was called in; the attorney advised that he should write on the note guarantee of payment. Meickley said: "Well it is my debt and I intend to pay it." The attorney said: "Why don't you write that on there then?" Meickley said: "I won't do it, my Uncle Frank didn't do that." Meickley did not take the witness stand to deny this. He never questioned the correctness as to the amount nor his personal obligation to be bound to pay the same. It was his wish that plaintiff recover what she could from the company. She accepted the note with his plain endorsement which he interpreted as sufficient to bind him personally. Plaintiff, after reducing the claim to judgment against the corporation, was able to collect only the sum of $67.80. She now insists Meickley make good his guarantee and pay the balance. Notice of the company's dishonor and refusal of payment was duly served on Meickley and demand for payment made on him, which he refused.

Plaintiff's petition is in three counts. Count No. 1 is a suit on the note against Meickley as endorser. Count No. 2 is based on the rent obligation evidenced by the note, and alleges the same was for rent owing from Meickley personally. That it was orally understood and agreed, at the time of the acceptance of said note, that the said endorsement was to be taken and accepted and treated not only as an endorsement but as a guarantee of the payment of said note by the said Thomas H. Meickley. Count No. 3 is based on an account stated.

For answer, Meickley admits that he signed on the back thereof an instrument in form substantially as alleged; that it was given in place of a certain promissory note previously executed by the Iowa Household Credit Corporation in the sum of $550; and that no consideration passed to him to support said endorsement of the new note sued on.

For reply, plaintiff denied any knowledge of the giving

of the $550 note signed by the Iowa Household Credit Corporation; avers she leased the property to Meickley personally; that she never authorized anyone to accept such note; that she at no time released Meickley from his personal obligation to pay said rent; and that the acceptance of the note sued on, under the conditions as above stated, constituted consideration therefor.

We have carefully examined the evidence and the briefs and arguments of counsel and we think the evidence fairly establishes, without dispute, the indebtedness as evidenced by the note in suit; that the debt was for rent due and owing from Meickley and has not been paid, except the sum of $67.80 recovered by execution sale from said company; and that, at the time the note was made out, there was an account stated, the items taken into account being the balance due on back rent, part of which was evidenced by said $550 note and part on open account plus interest, all of which, after allowing for subsequent payments on rent, equaled the amount of $618.93, the face of the note in suit. The original sheets which contained the figures showing the calculations were found and introduced in evidence and there is no denial of the correctness of same. The note was accepted by plaintiff only after Meickley's oral admission that it was his debt and his own interpretation that his endorsement was a guarantee of payment.

There being no dispute as to the facts, the trial court was right in directing a verdict for plaintiff. The judgment must be and is affirmed.—Affirmed.

RICHARDS, C. J., and OLIVER, STIGER, MILLER, SAGER, HALE, BLISS, and MITCHELL, JJ., concur.